988 F.2d 130
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frances E. McCOTTER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3015.
 United States Court of Appeals, Federal Circuit.
 Jan. 14, 1993.
 
 55 M.S.P.R. 136.
 AFFIRMED.
 Before LOURIE, CLEVENGER and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frances E. McCotter appeals from the final decision of the Merit Systems Protection Board (Board), Docket No. AT0831920419-I-1, affirming the Office of Personnel Management's (OPM) denial of her application for survivor annuity benefits based upon the civil service of her former spouse. We affirm.
 
 
 2
 Ms. McCotter married Willie O. White in 1944. They were divorced in 1968. Mr. White retired in 1970. At that time he designated Ms. McCotter as the recipient of any lump-sum benefit that might be payable upon his death. Mr. White remarried in 1975 and died in 1991. Upon his death, Ms. McCotter applied to OPM for death benefits. OPM determined that Ms. McCotter was entitled to a lump-sum payment of $648.57 and that Mrs. White, Mr. White's second wife, was entitled to the survivor annuity. After OPM issued a reconsideration decision affirming this decision, Ms. McCotter appealed OPM's decision to the Board.
 
 
 3
 On appeal, the Administrative Judge (AJ) found Mrs. White was receiving a survivor annuity. Based on this finding, the AJ then affirmed OPM's decision not to grant Ms. McCotter a survivor annuity because a former spouse whose marriage ended before September 14, 1978 is entitled to an survivor annuity only if, inter alia, there is no current spouse receiving, or designated to receive, a survivor annuity based on the service of the retiree. Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98-615, 98 Stat. 3195, as amended by the Federal Employees Benefits Improvement Act of 1986, § 4(b)(4)(A)(ii), Pub.L. No. 99-251, 100 Stat. 14, 22 (codified at 5 U.S.C. § 8341 Note (1988)); 5 C.F.R. § 831.622(a)(2)(v) (1992). The full Board denied Ms. McCotter's petition for review thereby finalizing the initial decision.
 
 
 4
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 5
 The statute prohibits OPM from paying a survivor annuity to a former spouse, divorced before 1978, when the civil service employee has designated his current spouse to receive that annuity. Although we may recognize the financial principle that half of the annuity may have been Ms. McCotter's marital property, the remedy is not with us but with Congress. We must, therefore, affirm the denial of Ms. McCotter's application for a survivor annuity.